In this case, the appellant alleges that she did not have to obey the officer and leave the premises of Hastings because his order was illegal under the ADA However, the appellant was not being asked to leave because she was disabled; she was not being asked to leave because she was accompanied by a dog. In fact, according to her own testimony, she had been allowed to enter Hastings with her dog on previous occasions. She was being asked to leave because her dog smelled and had urinated on the floor. This determination was made by the manager, who had the authority to make such a determination *Page 1091 
and who then told the police officer that he wanted the appellant to leave with her dog. The issue here is whether she remained unlawfully after her right to enter was revoked, in this case, because her dog smelled and urinated on the floor. Whether or not a dog is a service animal accompanying a disabled person, it still cannot create a disturbance. What if the dog had growled or barked constantly or shed hair everywhere? Here, the dog was creating an environment that was not conducive to conducting business, according to the manager. It is because of this the appellant was asked to leave. The jury, therefore, need not and should not have been instructed to apply or interpret federal statutory law (ADA). Neither the facts nor the law required such instructions, and we need go no further. Therefore, I respectfully concur in the result reached by the majority in this case.